UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL JOSEPH BOUDREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1830** |
| **LAFOURCHE PARISH, ET AL.** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Daniel Joseph Boudreaux, a state pretrial detainee housed at the Lafourche Parish Correctional Complex ("LPCC"), filed this *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983.[1]  He sued the Lafourche Parish Government, CorrectHealth Lafourche, LLC ("CorrectHealth"), the State of Louisiana, and Lafourche Parish Sheriff Craig Webre.  Plaintiff stated his claims as follows:

> I got locked up on the 25th of August 2021.  I had gunshot wounds from Lt. Trent Duplantis.  I have been in jail for a month without seeing a doctor.  The Medical Dept. knows about the lack of blood circulation in my fingers and nurse said I might loose my finger yet I haven't seen a doctor.  Correct Health knows about my situation and has rescheduled me twice.  The institution (LPCC) has told Mr. Boudreaux's family to stop calling about his injury!  Nurses were called on Sept. 17th 3 separate times because Mr. Boudreaux burnt his finger because he can't feel them.  Nurses denied him 3 times.  Mr. Craig Webre is well aware that his officer has shot Mr. Boudreaux, and still doesn't make his wounds and troubles priority.  Correct Health has been notified about these problems, yet do nothing about it.  Mr. Boudreaux hasn't went to the hospital even though his gunshot wounds are severe.

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

Sept. 18th 2021 Nurse Keisha refused Mr. Boudreaux even Tylenol. They have refused his right to even soak his arm in warm water to help the blood flow. Mr. Boudreaux is worried about the long term affects of his arm and is very scared. Correct Health only sees people over a computer screen. Grievances in this facility are answered by the people the grievance is on, getting no 3rd party response (as shown with attached grievance).[2]

Plaintiff's claims against CorrectHealth and the Lafourche Parish Government were dismissed pursuant to 42 U.S.C. § 1997e(a) because he failed to exhaust his administrative remedies prior to filing this lawsuit.[3] It is now recommended that his claims against the remaining defendants be dismissed pursuant to the Court's screening authority.

Specifically, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law requires:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, his complaint is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[2] Rec. Doc. 1, pp. 6-7.
[3] Rec. Docs. 17 and 18.

governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[4] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Pursuant to those mandatory screening provisions, plaintiff's claims against the State of Louisiana and Sheriff Craig Webre should be dismissed for the following reasons.

The State of Louisiana simply is not a proper defendant in a § 1983 action for two reasons. First, a state is not a "person" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Second, even if the State of Louisiana were otherwise a proper defendant, which it is not, it would still be protected against any § 1983 claim by the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson, 2010 WL 360362, at *3. The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>     Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

As to Sheriff Webre, he could be a proper defendant in a § 1983 action, but, in the instant case, no non-frivolous claim has been asserted against him in either his official or individual capacity for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Sheriff Webre would in reality be a claim against the local governmental body itself. However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**. To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such

a policy or custom. Therefore, if he is asserting a claim against Sheriff Webre in his official capacity, plaintiff's allegations fall short of what is required to state a proper official-capacity claim.

Plaintiff has likewise failed to state a claim against Sheriff Webre in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Here, as noted, the only allegation plaintiff makes against Sheriff Webre is that he has failed to make plaintiff's "wounds and troubles priority." But there is no indication that Sheriff Webre was personally involved in plaintiff's medical care (or lack thereof). On the contrary, the medical care at LPCC is not administered by Sheriff Webre or his staff; rather, it is independently administered by CorrectHealth, a private corporation which holds a contract to provide medical care to the inmates. See Phoenix ex rel. S.W. v. Lafourche Parish Government, Civ. Action No. 19-13004, 2021 WL 184909, at *2 (E.D. La. Jan. 1, 2021). And plaintiff acknowledges in the complaint that CorrectHealth **was** notified of his need for medical care.[5] If he has a claim concerning the adequacy of that medical care, his claim would be against CorrectHealth and/or its staff, **not** Sheriff Webre. Further, as noted, plaintiff in fact sued CorrectHealth in this very case,

---

[5] Further, CorrectHealth previously filed into this case copies of plaintiff's medical records showing that he was provided with medical care. Rec. Docs. 8-2 and 8-3.

although that claim was dismissed because he failed to exhaust his administrative remedies as required by federal law. But the fact that he is unable to pursue his medical claim at this time against a proper defendant does not mean that he can instead simply elect to pursue it against an improper defendant such as Sheriff Webre.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the State of Louisiana and Sheriff Craig Webre be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  25th   day of April, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**